Allied Property & Casualty Insurance Company v. Bloodworth Wholesale Drugs Inc. Allied Property & Casualty Insurance Company v. Bloodworth Wholesale Drugs Inc. All right, Mr. Middleton, whenever you are ready. Yes. May it please the Court. My name is Faison Middleton, and I have the privilege to represent Bloodworth Wholesale Drugs Inc., a company started by Dennis Bloodworth out of his garage and ultimately resides in Tifton, Georgia, in a modest warehouse. Of course, we are the appellant, and we seek reversal and remand from a decision by the District Court in the Albany Division. This matter involves or arises from the opioid epidemic. And I just want to tell your Honors, just right out of the gate, just on a simple search of what the word epidemic means, and that is a widespread outbreak of disease and health condition. And so this is a declaratory judgment action filed by Allied and AMCO against my client seeking to avoid defending Bloodworth in underlying litigation and seeking to avoid making indemnity payments should there be any judgment against Bloodworth. There were 26 originally lawsuits filed, most of which, your Honors, were filed by cities and counties, so governmental entities against Bloodworth. A couple were filed by a hospital or health-related companies. But the damages sought in those cases are because of underlying bodily injury within the meaning of the policies issued to my clients by AMCO and Allied. So to me, I will tell you, to me, the big question here is whether the policy requires the identification of a specific victim, right, as opposed to bodily injury in general. And the reason that I think that's an issue, I think acuity, as you know, and the Delaware Court also pretty much focused on that. And I think that it really does boil down to that. I think if it's not, if the policy is not limited to whether it's linked to a specific bodily injury, you win. But if it is, then they win. I think that's just what it comes down to. Would you agree with that? I could not agree more. The way I have phrased it is, is whether or not there's a sufficient causal connection there. And in the district court, as an extension of this court's holding back in 2000 in the Cessnick decision, the district court held, in essence, that there was a requirement for a particular bodily injury to a specific person and cited this court's decision in Cessnick, which does not, does not stand for that proposition. Now I believe it will be up to this court to decide whether or not, and what is the causal connection that's sufficient to answer the question that you asked Judge Rosenbaum. I think that the question, if I'm understanding Judge Rosenbaum correctly, I think the question is not, is there, is there a connection, but is there a connection to what, what needs to be pleaded about the specific person that the injury is connected to? If that is required, then I think you're in a tough spot. Well, let's start with what does the language say and the courts that have interpreted that. The language simply says that, that my client would be indemnified if there is a finding of damages because of bodily injury. Nowhere in the policy does it use the phrase particular bodily injury or specific person. That's true, except that in some parts it says this policy applies to bodily injury only if the bodily injury is caused by an occurrence that takes place in the coverage territory and the bodily injury occurs during the policy period. And then in F damages, damages resulting at any time from the bodily injury. And then in Section 5, bodily injury means bodily injury, sickness, or disease sustained by a person. Those are the things I think they would point to to suggest that it has to be tied to a specific person's bodily injury. And so, what's your best argument for why that doesn't matter, or at least that it's ambiguous? In almost any personal injury case where you have a bodily injury issue, as opposed to non-physical emotional distress type injuries like the ones at issue in the Cessna case, you're going to have more than the bodily injury. I mean, even a singular person may have bodily injuries. And so, I think the way that the term is used in the policy is simply it needs to be because of bodily injury. And so, I understand there are other provisions that refer in different sections of the policy to the bodily injury, but I believe that to mean simply we're dealing with bodily injury. And by the way, Your Honors, that's what we have in the underlying case. That's exactly what is occurring. Has the insurer covered your client under this policy provision in the past? I missed the first part of that question. Has the insurer, have any of these insurers covered your client in the past under this  I believe, if I'm understanding your question... Non-opioid cases, right, before this kind of problem arose. What I'm asking is, how has this provision been used in the past? Vis-a-vis my client, Bloodworth, I'm not aware of a circumstance in which there's been a trigger to coverage for an event for which we've sought coverage. I'm just not aware of that. Getting back for a moment to the language of the policy, I think you addressed the the, and I appreciate that. I wonder if you could address the language by a person in the definition of bodily injury. How does that not require bodily injury to a specific person as opposed to bodily injury in general? Well, again, we just look at the plain and unambiguous language of that by a person. We know that there could be cases, again, every day there may be injuries by multiple people for which nobody would dispute that there would be coverage. Multiple people in a car wreck, for one example, but it doesn't say in the actual provision providing for what would be covered, damages for bodily injury. I understand the definition is by a person. That's exactly what we have, which is what I was speaking to a moment ago, which is the governments in these cases, as plaintiffs, are saying, now they want to call them economic losses. I'm not really sure that that, I mean, it seems like a misnomer. I don't buy that. I think it's economic losses whether, you know, whether the government is the one making the claim or the mother who lost her son or had to get care. It's still economic damages for having to get the care. That doesn't move me. The thing that I think we have to focus on is the text of the policy and determining whether it's ambiguous. And if it's not ambiguous, then is it not ambiguous in your favor or in the insurer's favor? Well, again, let me make two points. One, you know, by a person. We have actual people. The lawsuit is about overdoses, deaths, injuries, sickness, disease. On its face, the lawsuits seek damages in the form of economic losses, meaning we want to be compensated or paid back for monies that were expended by the government, directly tied to people. Well, why can't you just name the people? That's what my challenge is. Sometimes resistance suggests inability. So as you said, the underlying lawsuits provide you with the individual names necessary to satisfy the provision in the insurance policy. What is the challenge of just identifying those individuals? Well, if I said that we could identify the people specifically from the underlying lawsuits, then I misspoke. I didn't intend to say that, Your Honor. But the government's claims are batched expenses associated with the epidemic. And so widespread disease and sickness from opioid. And so the government, I suspect, would not identify the specific people in their proofs  My point was, in answering Judge Rosenbaum's question, was trying to say that we are talking about human beings and people and bodily injury to people. And so, and I was also trying to make the point that in claims for which the insurance companies would never dispute coverage, there may be more than one person. And so the argument is, is that it is bodily injury to a person. And then to name the individuals would be onerous? I apologize. I was speaking up. And therefore, to identify the individuals would be onerous? I think what the governments are trying to avoid that. The governments are trying to step back and argue that they're not seeking personal injury type damages or identifying specific people. They're simply saying, we had to spend money. My argument is, is they spent money. This is not like losses, like... Okay. So that sounds like you have an issue with how the governments frame their case. And now you're trying to get insurance coverage based on how they frame the case, but you're expanding the definition of that framing to satisfy the policy. That's how your argument is coming across. Whether or not the defenses that my client could raise in the underlying litigation would require the government to make that proof is a separate issue. The issue is whether or not on the face of the complaints that seek admittedly stipulated bodily injury damages to people because they want to be paid back for the money that was spent to care for those people, to provide medical care to those people, services to those people. And so that's my point. I'm not quibbling with what may happen in the underlying litigation. My quibble is with the insurance company who's abandoned us after we've paid for more than a decade premiums to an insurance company when on the face of the policy it says, if the damages are because of bodily injury, which from this... Again. And so my question is, why should not that provision be interpreted to identify individuals as opposed to your position, which is that people is enough? Because it doesn't say that. And numerous courts have held in accord with that. And if we start with the proposition that the Lunsford decision from the Georgia Court of Appeals, which distinguishes just about every case that the Appellee cites because Georgia has said the phrase because of bodily injury is patently ambiguous because it's susceptible or possible to interpret it at least two ways. One of which is that the damages because of bodily injury, because of, would mean on account of. That case was not remotely similar to the argument here because that was about whether punitive damages could be included. It wasn't making the same argument that you were making. I would beg to differ, Your Honor, and here's why. You're right. It was a punitive damage case, but clearly the Lunsford court said that the interpretation that I just spoke to, that because of means on account of, and that that interpretation was reasonable and logical. I would humbly submit and respectfully submit finding that punitive damages, which go to the issue of the conduct to punish and deter someone from doing something again, is a bigger causal chasm between bodily injury than the one that we're seeking. And so it's further. It's a further. I have a question though, because for instance, here, Terry Lunsford was involved in an automobile collision with Susan Brown. He filed suit against her and alleged, right, it was about the injuries to one person, which is a very different question than what you're talking about. I agree with you that those are the facts, but the finding in the case number one was the phrase because of bodily injury was ambiguous. And as to the reasonable, logical interpretation of because of bodily injury, meaning on account of bodily injury, it said, and I quote from the case, it said, therefore, all damages, including punitive damages. My point, Your Honor, was punitive damages are to punish and deter and go to the nature of conduct. They do not connect to bodily injury. In fact, the jury charges that we all use when we try cases on punitive damages says nothing about the underlying injury. It talks about the sufficient amount to punish or to deter. And so that's my argument, is that if you find that punitive damages are covered, based on the phrase because of bodily injury, then surely a government— No, if you find that punitive damages are covered when they're sought in relation to the bodily injuries of a particular person, that's just a different question entirely than whether you need to have a particular person or not. But that was not what the Lunsford court held. Now, it was the issue in that case that those were the facts, Your Honor, that it was a case involving a car wreck, bodily injury, commensurate damages and punitive damages. But the holding was not limited to punitive damages at all. In fact, the specific language of the decision, which, by the way, this court cited in Sessnick and affirmed the two reasonable logical interpretations, noting that the court had found because of bodily injury to be ambiguous. And so I believe a fair reading of the Lunsford decision is that it's broader than what Your Honor is alluding to. It's not — in fact, there was no decision — there was no finding that said that the decision was based on a particular bodily injury to a single person in that case. And so that's for this court to deal with because the Sessnick court said there needs to be a causal connection between damages and bodily injury, which we believe we have. The Lunsford court says it's ambiguous. And the interpretation we offer that's also been endorsed by other courts, including an H.D. Smith decision from the Seventh Circuit. So I hope I'm answering your question, but I don't believe it's limited to punitive damages on a fair reading of the case. And then just quickly, the occurrence piece, because the district court wasn't with you on that prong either. And to your point, Your Honor, you're correct. They weren't — the district court was not with us, but the district court told us we weren't addressing the issue of occurrence. And I — you've obviously read what I've read, which is he found against us on occurrence without an opportunity to be heard on that issue. All right. Thank you. See, I'm over. Thank you, Your Honor. You've reserved three minutes. And, Mr. Clayton, we're going to give you an extra three minutes because we took Mr. Middleton over by about that. Again, no obligation to use it. Thank you, Your Honor. Thank you, Your Honor. As may please the Court, my name is Lee Clayton, and I represent the Applee insurance companies. I think it's important to note that although Publix is coming up next and we have decisions from all over the country, insurance law is a creature of state law. In this particular case, the district court relied only on Georgia law. And for good reason, because there's Georgia law that tells exactly what the answer is to the requirement for bodily injury. The Publix case goes — it does touch on Florida law, but then it talks about acuity and all of the other decisions all around the country. The district court in this particular case relied on two main Georgia decisions, the Presidential Hotel v. Canal and the Odell v. St. Paul decisions. It is everywhere in the district court order. It is nowhere in the appellant's opening brief. They don't mention those cases one time. And the reason they don't mention them one time is because there is no way to distinguish them. They do mention them one time in their reply brief on page 8, but they don't meaningfully discuss what the trial court found. The other thing to note is in this particular case, we entered into stipulations of fact as part of summary judgment. And it's docket number 28. And the important ones include number 22, 23, and 25. 23 is that none of the plaintiffs in the lawsuits — the underlying lawsuits — seek to recover for a specific identifiable individual's personal injury. The complaints in the lawsuit describe the damages sought as economic damages or economic losses. And that none of the plaintiffs are individuals, representatives, or beneficiaries who are seeking to recover on behalf of themselves individually or as representatives of an individual or an individual's estate. But is there any question that the underlying lawsuit involves persons? The underlying lawsuits do not involve persons. They involve municipalities. Well, no. Okay. But municipalities aren't the ones claiming they were subject to the opioid epidemic. Individuals who were harmed are the ones on whose behalf they're seeking compensation to compensate the municipalities. So I think we could get into semantics. But one argument that does seem persuasive on the other side is that there's no getting around the fact that the underlying lawsuit is about a significant number of people. Obviously, it does involve people. But under the policy, the Sesnate court said the mere fact that bodily injury occurred is insufficient to trigger coverage. What matters is whether or not it's connected to a covered claim. The cases that the district court cited, for instance, the Presidential Hotel v. Canal case, that was in the context of duty to defend. That's what we're here about today. Coverage or no coverage as a matter of law. And in that case, there was actually bodily injury. But it wasn't a claim being sought. In that case, an employee slipped and fell, and they said they didn't file a worker's comp claim because of fraud claims. And they brought fraud and sexual harassment claims. The court, looking at it, said no coverage as a matter of law. The Georgia court of appeals. And said, used in insurance policy, the term bodily injury means just that. Bodily injury. It pertains to physical injury to the body. It does not include non-physical, emotional, or mental harm. So in that case, because there was no claim for actual physical injury, even though the bodily injury happened, no one disputes someone fell down and hurt themselves. But that wasn't a claim being asserted. Similarly, in this case, in the Sesnate case, the case went up and down a couple of times. And the first time, this court, on the tort action, kicked out the bodily injury claims on statute of limitations. Then, in the coverage case, it came back up. And in that case, the complaint had allegations of bodily injury. But one of the reasons the Sesnate court said no coverage as a matter of law, again in the duty to defend context, is because they were not connected to the actual claims being asserted. So the actual claims being asserted does matter. What were the actual claims being asserted in each of those cases? Which cases? The ones you've just discussed. The presidential hotel, sexual harassment, fraud, with a note that the claims were damage mentally and monetarily. In the O'Dell case, there was assault, battery, intentional infliction of emotional distress, sexual harassment, negligent retention. But aren't those different? I mean, isn't that different here? Here, there's no question that the governments are seeking damages for bodily injury, right? There's no question that that's the case. They are, in fact, seeking damages for the care and the custody. I mean, bodily injury, not in the term of art sense, but for some kind of bodily injury. Your position is, yeah, but it's bodily injury, at least as I understand it. It's not bodily injury with respect to a specific identifiable person, and so it's not covered under the policies. But it is for bodily injury. I mean, it does meet your own definition, because it is for the care of these individuals who experienced opioid addiction, right? Why wouldn't that be for, not in the term of, no, without respect to whether it satisfies the definition under the policy, but as to whether or not, without respect to whether there's coverage, why wouldn't it be for bodily injury as is described? There may be, I mean, there are people who have been injured as a result of opioids. However, under Georgia law, what matters here, the phrase damages because of bodily injury as a matter of law does not include claims, claims that are non-physical in nature. But it is physical in nature. That's what I'm trying to say. It's physical in nature because it's for the care. And your definition of bodily injury says, bodily injury means bodily injury, sickness or disease sustained by a person, including mental anguish or death, resulting from any of these at any time. The disease is obviously the addiction. And so, why aren't the claims of the government that are related to the care of this addiction, bodily injury? I mean, again, in bodily injury in the sense of satisfying the definition whether or not they actually qualify under the policy. So the claims are non-physical. The actual claims asserted, they're for monetary damages, extra police, extra things like that. Police, I agree. But would you agree, let me ask it to you this way. Let's say that a mother sought damages for bodily injury to her son who became addicted to opioids and then had to pay for hospital care and addiction care. Would that lawsuit be covered under bodily injury? Well, first of all, under the facts stipulated in this case, that's not present. But if that was the case and it was a minor and there was a claim that was actionable under Georgia law and a derivative claim, yes, that would in fact, that could be covered subject to other policy provisions. In fact, that was the entire issue in the Cessnick case. Right. Okay, so let me stop you for just a minute then. So those are economic damages, right? Why are those not economic damages? Well, as the Cessnick case said, what matters under the express terms of the policy at issue in the present case requires a connection between the damages sought, economic damages. That's a different question. And a covered bodily injury. Yes. But it's a covered bodily injury that matters.  But let me, maybe this will make it clear, at least for me, if the city of Atlanta somehow went through all of its records and found, you know, hundreds of thousands of particular people and in the pleading it said, these people were opioid addicts and these things happened to them. We seek the costs that have been put on the city to bear in treating these people or dealing with their deaths or whatever else. Would that claim, whether or not you think it would be successful, would that claim be one that would be addressed and covered under the policy? Well, putting aside the fact that the city couldn't bring claims, I believe the answer to that would be no. And the reason is because the city would not have a valid claim to bring on behalf of individual citizens. There would be a different coverage question. Well, why not though? Why couldn't the city, let's say it was an indigent person and they had to pay for hospitalization and treatment of the person who had an opioid addiction problem. Why couldn't the government sue on behalf of that person to recover the economic costs of treating them? I mean, your definition, at some point I believe there's a part of a definition where it talks about, yeah, damages because of bodily injury include damages claimed by any person or organization for care, loss of services or death resulting in any time from bodily injury. I'll make it even simpler. Grady Hospital, right? I can answer the question. And that one is a separate issue. There is a derivative claim for that. There's a Georgia hospital lien statute. The Georgia hospital lien ties it to a specific individual. They can perfect the lien. They can collect on the lien against the insurance company. Why? Because it's associated with a covered bodily injury. So in that case, in the context of a hospital, yes, that would fall within this because there is actually-  So the point is not that it's not covered because it's economic damages. In your view, it's not covered because there's not a tie to a specific bodily injury. Isn't that really what you're arguing? That's what the Cessnit court required is that the damages sought before a covered bodily injury. Remember, in that case, the Cessnit case, there were claims of bodily injury. It's in the lawsuit. This court notes it in its decision. It found no coverage as a matter of law. Why? Because the claims asserted by the parents that were left over after all of the tort cases were gone did not support- Was not tied to a covered claim. It could have been tied to a covered claim had they been within the statute of limitations, but it wasn't. And without it being tied to a covered claim, the Cessnit court said that this is clearly not damages because of bodily injury. Can I ask you to focus on something a little bit different here? Let's say, just for purposes of this question, that we are trying to figure out whether the policy covers bodily injury in general or the bodily injury must be tied to a specific person. Okay? That's the premise of this question. What language in the policy or other arguments do you have to support the notion that the policy unambiguously covers only bodily injury tied to a specific person? So, Georgia law and the presidential hotel versus canal analyzing this specific language said it pertains to physical injury to the body. It does not pertain to non-physical, emotional, or mental harm. So the policy language is damages because of bodily injury. That's why one of the first things I said is this is a creature of state law. And so the Georgia Court of Appeals has held that that language means it pertains to physical injury to the body. But here there are many people, I think we all just understand, that have suffered bodily injury because of opioid addiction, right? So why is the insurance company not obligated to cover those bodily injuries? Because, as we've stipulated in this case, there are no claims for any particular individual. These are economic claims. I guess, but that's what, I think that's what we're asking is why does it, under the policy, why does it have to be connected to a particular individual? Because the Georgia Court of Appeals has said it's tied to direct physical injury to the body. There's still direct physical injury to the bodies here. There's no question about that. The question that we, at least I have, I don't want to speak on behalf of anyone else, is whether the policy language itself or Georgia law, in your view, requires that it be tied to a specific person as opposed to bodily injury in general. Does that make sense? It does. I mean, what matters at the end of the day in a case like this, a coverage case, is you have the complaint and you have the policy. So the question is what are the claims being made? That's what, again, the Cessnick Court focused on. There were bodily injury allegations all through the complaint, all through the complaint. This Court acknowledged them. But they couldn't sue on them. And so even if you have allegations, it doesn't matter. And so going back to your question, what matters is what's in the complaint and the claims made, not the factual allegations. Cessnick Court says factual allegations don't matter. Oh, so even if they had attached a list of the individuals on whose behalf the city had was seeking compensation, that would not be satisfactory because it was, I think my takeaway is that if they had provided those names, then the policy provision is in play. But because they haven't identified those individuals, but now you're saying even that's not sufficient? If you're asking the exact claims here, again, it's a hypothetical. If you're saying these only claims where they're not seeking damages because of any particular injury and they just list out some additional facts for context, no, that would not trigger coverage. This Court has held that in the context of allegations in a complaint for bodily injury where are there no claims being sought to recover for bodily injury, meaning no covered claims, there is no coverage as a matter of fact. You're saying that it would need to say, we seek damages for one, John Q. Doe, and we spent $5,000 on uncompensated care for him, and also $500 for Narcan three times, and et cetera, et cetera, et cetera. And then number two, a different person with those same specific damages, rather than just saying these people were opioid addicted, and in the aggregate costs are municipality X dollars. Is that the distinction you're trying to raise? The distinction I'm trying to make is, if it's Grady Hospital and they say you owe us X dollars for the injury and stuff for the bodily injury. Forget Grady Hospital, though, because I agree on that one. I understand your argument there. But what, in your view, could a municipality say? Whether or not they could actually pull it off with their records is a different question. But if a municipality had specific records about their costs in addressing opioid addiction in specific people, would that be enough to implicate the policy? You know, is it possible that there's some way to get there? It may be. None of them have done it. And we've stipulated here that they haven't. I'm just trying to understand your argument, though. What you would need is a particularized physical injury, and therefore a covered claim that you're trying to piggyback off of. Okay. And one more question related to that. Are you familiar with claims that have fallen under this policy for your client? And if so, what do those claims look like? I'm not aware of any claims either that have fallen within the policy. I don't know. So why does everyone have this coverage if it never gets used, I find myself wondering. But that's not... Well, there are many different types of coverages. I mean, many different types of claims that fall within this coverage. But this policy says that we will not defend... We have no duty to defend or dignify for any bodily injury or property damage to which this insurance doesn't apply. This policy says in the insuring agreement that there is bodily injury and there is property damage that is not covered under this policy. Here's what I was wondering. If we all remember in It's a Wonderful Life, right, when the druggist almost gives rat poison to the young Jimmy Stewart to take it away, right? In that case, if the rat poison had actually gone and the person had died, would that be the case where this coverage would be implicated in your view? We noted in our briefs that on the occurrence issue, which was not before the court, it was read in context with all of the other policy provisions that the court is required to do, read as a whole. If there was a prescription for antibiotics and they sent opioids then to a specific identifiable person, then that would be damages based on bodily injury as a result of an occurrence subject to any other exclusions. But that would obviously be something because that's an accident that happened. It wasn't intentional conduct. Now again, we didn't brief occurrence and the substance of occurrence. But the court, in looking at the language of occurrence, read it as a whole in addition to the notice provisions and the definition of bodily injury and exclusively relying on Georgia law. Which again, the appellants have not cited at all, have not discussed, haven't cited in their appellant brief, found that Georgia law requires a finding in favor of the Applees and we would request that that be confirmed.  Before you sit down, I have some questions. I want to give you one more chance because I don't think you answered my question. What language in the policy unambiguously reflects that this policy is tied to specific identifiable bodily injury only as opposed to general bodily injury that we have in this case? So, putting aside the Court of Appeals ruling on it, the specific identifiable about giving notice of the bodily injury, of determining whether the bodily injury was known before whether it was continuing thereafter. How does the, how does the mean that it requires a specific identifiable bodily injury as opposed to the bodily injury that we're covering under this? General, it could be general. How does it unambiguously reflect that? Well, bodily injury is physical injury to the body and in order to determine when it started and whether this is the same bodily injury as something else, you have to know when it happened. You can be injured. You can have one leg broken one day and one leg broken the next week. It's different bodily injury and the only way to know what the bodily injury is is to have a specific identifiable injury with a specific identifiable person and the requirements within the policy to be able to provide notice of it. It's not just there's opioids out there. This person was injured in this incident and they require medical treatment and those types of provisions are the ones that, that grounded in addition to the fact that it requires physical injury to the body. With the Court of Appeals saying it's physical injury to the body, you're going to know what that physical injury to the body is. It's not a nebulous concept of general societal harms. It is actual physical injury to a person as used throughout the policy. All right. Thank you very much, Mr. Clayton. We'll hear again from Mr. Middleton. You've reserved three minutes. Thank you. Thank you, Your Honor. Just a few points I want to focus on and pick up where some of the Court's questions were because I agree. I'm not sure the question got answered and it seems to me that Mr. Clayton's citation to the Cessnick decision is not congruent with my reading of it in this way. He argues that there were claims for bodily injury in Cessnick. That may be true, but the Court very clearly said the damages sought, the prayer for relief, what damages were sought, which if we consider that in the context of the actual policy language that we're sitting here discussing, uses the phrase damages because of bodily injury. The Court said there was no connection between the damages sought and a bodily injury. And so I think the argument that's being made is that Cessnick somehow supports the argument that there must be a particularized bodily injury to a specific person. It, that does not follow from the Cessnick decision. Point number two, and I've made, you know, the O'Dell decision and the Canale decision. Over and over, my colleague argues, Georgia law, Georgia law, Georgia law, those, we do, we do refer to those cases in reply. The reason they're not in the appellate's brief is because they stand for no proposition that's pertinent to this Court's decision. The simple holding of the O'Dell and Canale decisions is what this Court has already said and, and, and is embedded in your questions, which is there's a distinction between physical harm, bodily injury, which is within the definition of bodily injury, and non-physical harm, like emotional distress type damages. Those cases stand for the proposition that you've got to have it tied to bodily injury. Let me ask you a question. That point is not, is not debatable. Given, given the number of cases of this nature and the number of companies that are insured and the number of insurers that are involved, do you think it's worthwhile, do you think there would be any benefit to certifying a question to the Georgia Supreme Court on this? Well, I, I, I do. We reference that in a footnote in our brief that that may be, that may be the thing to do here because Lunsford only goes so far. I mean, Lunsford stands for the proposition that because of bodily injury is ambiguous. One of those reasonable logical interpretations is the one we assert should be used, and undeniably there is a connection between bodily injury and damages. Cessnick only goes so far and says you've got to have bodily injury and there needs to be a causal connection, but there's not a, there's not a case addressing it in the context of the opioid litigation with claims seeking what are called economic losses but which this court has already through its questions fairly understood. You're still talking about money being paid just like it would be in a personal injury case that are economic damages. So calling, Mr. Clayton wants to focus on economic damages, meaning we're not, the, the governments aren't seeking claims for physical injury. Well, we know that. The question though was whether or not they are because of bodily injury. There would be no lawsuits by the government. There would be no mechanism to seek redress or compensation for costs back to the coffers of the government but for widespread bodily injury. Thank you, Your Honor. All right. Thank you, counsel. Our next case is Public Service.